NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 26 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JELER SANCHEZ CAMPANEROS; JOSE MORALES SANCHEZ; CHRISTOPHER MALDONADO SANCHEZ,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-391<br><br>Agency Nos. A203-705-001<br>A203-705-002<br>A203-705-003<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 24, 2025**
Pasadena, California

Before: NGUYEN and MENDOZA, Circuit Judges, and KERNODLE, District
Judge.***

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Jeremy D. Kernodle, United States District Judge for
the Eastern District of Texas, sitting by designation.

Petitioners are a family of three citizens of Guatemala. They petition for review of a decision by the Board of Immigration Appeals ("BIA") affirming the denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

When the BIA defers to the Immigration Judge and does not perform an independent review of an issue, "we review the [Immigration Judge]'s decision." *Albillo-De Leon v. Gonzales*, 410 F.3d 1090, 1095 (9th Cir. 2005). The agency's factual findings are reviewed for substantial evidence and "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (quoting 8 U.S.C. § 1252(b)(4)(B)).

While Petitioners make various arguments that the BIA did not address, "we consider only the grounds relied upon by [the BIA]." *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam).

1. Substantial evidence supports the BIA's denial of asylum and withholding of removal because Petitioners failed to establish that the Guatemalan government

was or would be unwilling or unable to protect them from persecution.[1] To establish asylum, a petitioner must show that the persecution "was or would be committed by the government, or by forces that the government was unable or unwilling to control." *Rodriguez Tornes v. Garland*, 993 F.3d 743, 751 (9th Cir. 2021). "[W]ithholding of removal also turns on this factor." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020).

Petitioners argue generally that Guatemalan laws fail to protect citizens from gang violence due to widespread corruption, but the record shows that Petitioners received assistance from the police after they made reports of the threats by gang members. Although the Guatemalan police were unable to catch the perpetrators, "unwillingness or inability to control persecutors is not demonstrated simply because the police ultimately were unable to solve a crime or arrest the perpetrators, where the asylum applicant failed to provide the police with sufficiently specific information to permit an investigation or an arrest." *Doe v. Holder*, 736 F.3d 871, 878 (9th Cir. 2013). Overall, aside from restating country condition research that shows general issues with corruption, Petitioners have not offered evidence that would compel a contrary finding.

---

[1] Respondent argues that Petitioners "waived" this argument because they failed to "present any meaningful challenge to this finding." Petitioners fail to cite to the record or engage with the agency's reasoning. Moreover, Petitioners mistakenly refer to the Honduran government. But because Petitioners do attempt to raise the issue—albeit in a conclusory fashion—we will consider it.

2. Substantial evidence supports the agency's determination that Petitioners failed to establish that they would face torture by or with the acquiescence of a government official. "To be eligible for relief under CAT, an applicant bears the burden of establishing that she will more likely than not be tortured with the consent or acquiescence of a public official if removed to her native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) (citing *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1078–79 (9th Cir. 2015)).

The record shows that officers investigated the first incident of threats and harassment, sent patrols to the area, and documented the second incident in a police report. "Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime. Instead, there must be evidence that the police are unable or unwilling to oppose the crime." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). In other words, an "inability to solve a crime" based on insufficient information does not mean that the government acquiesced in the conduct. *Id.*

3. Lastly, Petitioners bring a due process claim, arguing that the Immigration Judge ignored "binding case law" and "ignored the evidence presented." We may not consider this claim because Petitioners failed to exhaust it before the BIA. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023)

4

(explaining that the exhaustion requirement is a claim-processing rule that is "mandatory" when a party raises it); *Sanchez-Cruz v. INS.*, 255 F.3d 775, 780 (9th Cir. 2001) ("Challenges to 'procedural errors correctable by the administrative tribunal[]' must be exhausted before we undertake review." (quoting *Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir. 1994))).

**PETITION DENIED.**